UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

JAMES PETERSON,            )
                           )
    Plaintiff,             )
                           )
v.                         )   Case No. CV606-052
                           )
HUGH SMITH, et al.,        )
                           )
    Defendants.            )

## REPORT AND RECOMMENDATION

On June 14, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.[1]

Plaintiff, an HIV-positive inmate at the Georgia State Prison, contends that prison officials have been deliberately indifferent to his serious medical needs by failing to follow the instructions of medical personnel with regard to his conditions of confinement. Doc. 1. Plaintiff is currently taking protease inhibitors and other antiviral medications to

---

[1] Plaintiff has filed a motion to amend his complaint to provide more information in his statement of claim. Doc. 9. This motion is GRANTED. The Court will consider plaintiff's amended complaint along with plaintiff's original complaint.

protect him against the effects of HIV. Id. Plaintiff alleges that medical personnel have directed him to avoid exposure to excess heat and to have access to fresh air at all times on account of his medications. Plaintiff does not allege a past injury arising from defendants' actions, but he contends that serious harm is likely to occur in the future if defendants do not follow the instructions of medical personnel. Plaintiff seeks damages for "pain and suffering" occasioned by defendants' "unprofessional manor [sic]" in disregarding these instructions and seeks to be transferred to another prison facility. Id.

Plaintiff has attached copies of letters that he sent to Warden Hugh Smith and Deputy Warden for Care and Treatment John Paul informing them of his medical requirements and asking to be placed in an appropriate area of the prison. Plaintiff contends that prison health officials also informed defendants of his medical needs. Plaintiff alleges that he is housed in an area warmer than recommended by medical personnel with inadequate airflow and that such conditions may cause him serious future harm. Plaintiff asserts that prison officials have been deliberately indifferent to his serious medical needs by failing to place him in an

appropriate facility despite their knowledge of his medical needs.[2]

Plaintiff has stated a cognizable claim under § 1983 against defendants Hugh Smith and John Paul.  The Eighth Amendment proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (prisoner states valid § 1983 claim "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed."); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).  While prisoners are not entitled to comfortable prisons and ordinarily have no absolute right to air conditioning, see Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004), conditions of confinement that would otherwise meet constitutional standards may have to be modified in order to accommodate a prisoner's serious medical needs.  Here, plaintiff

---

[2]Plaintiff is not claiming that he received inadequate medical treatment from the prison medical staff and has not named any member of the medical staff as a defendant. Plaintiff's sole contention is that prison officials are ignoring the recommendations of the medical staff by failing to transfer him to a cooler location.

4

is alleging that defendants are interfering with his necessary medical treatment by housing him under conditions injurious to his health. For present purposes, the Court must accept the truthfulness of these allegations. Service upon these defendants is proper at this time.

Plaintiff fails to mention the remaining defendants in the body of his complaint and does not allege any facts delineating how these defendants have violated his constitutional rights. These defendants appear to be members of the classification committee that decides where a prisoner is housed, and plaintiff has presumably named them as defendants since he has not been housed in an appropriate facility. Without concrete allegations against these defendants, however, plaintiff has failed to state a cognizable claim under § 1983 against them. Plaintiff's complaint should be DISMISSED as to defendants Louise Smith, Steve Roberts, Janet Brewton, D. Knight, Tonya Anderson, and Gary Horden.

Based on the foregoing, the Court recommends that a copy of plaintiff's complaint be served only upon Warden Hugh Smith and Deputy Warden John Paul at the Georgia State Prison. Plaintiff's complaint against defendants Louise Smith, Steve Roberts, Janet Brewton, D. Knight,

Tonya Anderson, and Gary Horden should be DISMISSED.

Plaintiff has also filed two motions for injunctive relief. Docs. 4, 10. Those motions should be DENIED.

**SO REPORTED AND RECOMMENDED** this 14th day of August, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA