# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JAMES PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV606-052 |
| HUGH SMITH and JOHN PAUL, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Defendants have filed a motion for summary judgment. Doc. 51. Plaintiff has responded in opposition to defendants' motion. Doc. 56. For the reasons that follow, defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, an HIV-positive inmate at the Georgia State Prison, contends that prison officials were deliberately indifferent to his serious medical needs by failing to follow the instructions of medical personnel regarding his conditions of confinement. Doc. 1. He is currently taking protease inhibitors and other antiviral medications to protect him against

the effects of HIV. Id. Plaintiff alleges that medical personnel, on account of his medication, directed him to avoid exposure to excess heat and to have access to fresh air at all times. Id. He also alleges that various medical personnel were in agreement that "Georgia State Prison was not the best place for [him]." Doc. 47 (plaintiff's motion to amend motion for summary judgment).

Plaintiff specifically alleges that Dr. Jones spoke with both defendants regarding plaintiff's medical condition. Docs. 47, 54, Ex. A. Accordingly, he seeks damages for "pain and suffering" occasioned by defendants' "unprofessional manor [sic]" in disregarding these instructions and seeks to be transferred to another prison facility. Id. He alleges that he was housed in an area warmer than recommended by medical personnel, with inadequate airflow, and states that such conditions could have caused him serious future harm.[1] Id. He asserts defendants were deliberately indifferent to his serious medical needs by failing to place him in an appropriate facility despite their knowledge of his medical condition.[2]

---

[1] Plaintiff has since been moved to a cooler room. Doc. 54, Ex. A (Peterson Dep.).

[2] Plaintiff does not claim that he received inadequate medical treatment from the prison medical staff and has not named any member of the medical staff as a defendant. Plaintiff's sole contention is that Warden Hugh Smith and Deputy Warden John Paul

2

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing law. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories,

---

ignored the recommendations of the medical staff by failing to transfer him to a cooler location.

3

and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Prods. Div., 932 F.2d 1384, 1387 (11th Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1519.

## III. ANALYSIS

Defendants contend that plaintiff failed to submit the required grievance prior to filing his complaint, resulting in a failure to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA),

42 U.S.C. § 1997e(a). Doc. 52. Such a failure results a procedural default, requiring dismissal of plaintiff's case.

The United States Supreme Court has recently reiterated the mandatory nature of the PLRA exhaustion requirement. See Porter v. Nussle, 534 U.S. 516, 523-24 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 Fed. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson

v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005); Simpson v. Holder, 2006 WL 2430001, at *3-4 (11th Cir. Aug. 23, 2006). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies properly. Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1159). According to the grievance procedure in place at Georgia State Prison, inmates are required to file an informal grievance "no later than 10 calender days from the date the offender knew, or should have known, of the facts giving rise to the grievance." SOP IIB05-0001; Doc. 54, Ex. I.

Upon being admitted to Georgia State Prison, plaintiff received an oral explanation of the grievance process as well as a copy of an instructions handbook. Doc. 54, Ex. E (Kirkley Aff.). While plaintiff has filed eleven grievances after admission to Georgia State Prison on July 28, 2005, he has failed to file a grievance regarding the instant allegations. See id. Plaintiff contends that defendants were aware of his complaints because he sent them letters regarding his exposure to excessive heat and his desire to be transferred to a cooler location. Doc. 54, Ex. A. (Peterson Dep.). The

procedures at Georgia State Prison, however, do not permit inmates to exhaust their administrative remedies by writing letters to prison officials. See SOP IIB05-0001; Kirkley Aff. As plaintiff has failed to bring forward any evidence demonstrating his compliance with the proper grievance procedures, he has failed to exhaust his administrative remedies, resulting in the procedural default of his claim. See Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

## IV. CONCLUSION

Based on the foregoing, the Court finds that plaintiff failed to exhaust the administrative remedies available to him. Accordingly, defendants' motion should be **GRANTED** and plaintiff's complaint should be **DISMISSED**.[3]

SO REPORTED AND RECOMMENDED this 9th day of October, 2007.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] All of plaintiff's outstanding motions are hereby **DENIED** as moot.